UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDWARD BURLEY #502426,**

    **Plaintiff,**

                      Case No. 16-CV-10712

**vs.**

                        HON. GEORGE CARAM STEEH

**MICHIGAN DEPARTMENT
OF CORRECTIONS, ET AL.,**

    **Defendants.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION [DOC. 76] GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND [DOC. 58] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 65] AND GRANTING PLAINTIFF'S MOTION DIRECTING SERVICE ON DEFENDANT GUILKIE [DOC. 95]**

Plaintiff Edward Burley alleges that he suffers from hearing impairment and that defendants have failed to provide him with accommodations for his disability. Plaintiff seeks access to interpreters, videophones, amplifiers, hearing aids and other audio-audio-visual equipment which would permit him to more fully participate in academic classes, training, medical care, disciplinary hearings, religious ceremonies, and family visits. Plaintiff further

1

asserts that the lack of such accommodations have placed him at risk in case of an emergency, whereby warnings are conveyed using audio cues. Burley alleges that defendants have denied him his rights under the First and Fourteenth Amendments and have violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.

Burley seeks monetary damages in the amount of $100 per day that his rights have been violated, and $1,000,000 in punitive damages. He seeks an injunction requiring defendants to provide adequate services and facilities for deaf inmates. He also seeks a declaration that defendants violated various statutes and Constitutional provisions and an award of attorney's fees.

Burley filed his complaint against the Michigan Department of Corrections ("MDOC"), Daniel Heyns, Heidi Washington, Thomas Finco, Joanne Bridgford, Blaine Lafler, Willie Smith, Cathleen Stoddard, John Prelesnik, Patrick Trieweiler, Thomas Birkett, Randall Haas, Jeffrey Woods, Michelle Pelon, Jacque Koenigskencht, George Stephenson, Joseph Knickerbocker, Russell Klatt, James Verbonconer, Stephen Moore, and Jane and John Doe ("state

defendants"), and defendants Sherry, Roger Gerlack, and Scott Holmes ('the non-state defendants").

The non-state defendants, along with the named but unserved defendants, Quiroga and Williamson, have not filed a dispositive motion and have not joined in the state defendants' motion for summary judgment.

This matter is presently before the court on Magistrate Judge Morris' report and recommendation addressing plaintiff's motion to amend and the state defendants' motion for summary judgment. Objections to the report and recommendation have been filed within the established time period. The court has reviewed the file, record, and magistrate judge's report and recommendation.

I. <u>Motion to Amend [Doc. # 58]</u>

On June 30, 2016, Burley filed a proposed amended complaint seeking to add allegations against Assistant Resident Unit Supervisor ("ARUS") Yall, Edward Hunt, Warden Thomas Birkett, Resident Unit Manager ("RUM") Guilkie, ARUS Snyder, Special Accommodation Coordinator Foy, Dr. Czop, Rhonda Rider, ARUS Daniels, ARUS Bradley, and Holtz for violating his rights by denying him certain

3

accommodations. The Magistrate Judge concludes that plaintiff failed to exhaust his grievances through the administrative grievance process as to all of the defendants he seeks to add in his motion to amend, except for defendant Guilkie. Therefore, the Magistrate Judge Judge recommends that Burley's motion to amend should be denied as futile as to all proposed defendants except for Guilkie.

The exhaustion issue is also relevant to defendant's motion for summary judgment and is discussed in more detail below.

II. Motion for Summary Judgment [Doc. #65]

On August 5, 2016, the state defendants filed a motion for summary judgment. The Magistrate Judge recommends that the motion be granted as to most of the state defendants and denied as to defendants Klatt and Guilkie.

    A. Grievance Exhaustion

Burley's complaint can state a viable claim if he properly exhausted the relevant grievance within the last three years. Grievances are defendant-specific and issue-specific. The Magistrate Magistrate Judge determined that Burley properly exhausted a total of six hearing-impairment related grievances through step III of the

4

grievance process that are ripe for determination. Of those six grievances, only three reference any defendant discussed in Burley's complaint or amended complaint. Grievance 0059-07a references defendant Klatt; grievance 0108-12i references defendant Holmes and the MDOC; and grievance 3775-23z references defendants Stoddard and Guilkie. Defendants MDOC, Klatt, Stoddard and Holmes were each mentioned in Burley's original complaint. Defendant Guilkie is mentioned only in Burley's amended complaint.

### 1. Klatt

The state defendants acknowledge that Burley's claims against defendant Klatt have been properly exhausted by way of grievance 0059-07a, and they do not move for summary judgment on this claim.

### 2. Stoddard and Guilkie

Grievance 3775-23z, at step I alleges that state defendant Guilkie failed to provide Burley with a telecommunications device for the deaf ("TDD") in a timely manner. Step I does not mention defendant Stoddard. In step II, Burley asserts that the TDD phone that the Ionia Correctional Facility ("ICF") acquired "is useless without the programming of the regular phone. ICF has a new TDD phone, but no

5

no access to the Relay Center (who transcribes the sender's messages). This service has been denied [to] me in violation of policy and the [ADA]." At step III, a grievance specialist found that Burley's concerns were adequately addressed at steps I and II, and thus merited no further response.

Stoddard is not the subject of grievance 3775-23z, so Burley did not exhaust any claims against Stoddard. Therefore, Burley has no viable exhausted claim against defendant Stoddard.

Burley's proposed amendment states that Guilkie was involved with emergency alarms. However, grievance 3775-23z is not related to emergency alarms and only deals with whether the ICF prison had proper TDD facilities. Only exhausted claims can be brought. The Magistrate Judge found that Burley's proposed claim relates generally to the failure to provide "reasonable accommodations for [his] hearing disability," which fairly implicates the use of TDD. Therefore, she recommends that Burley's motion to amend be granted insofar as he claims that Guilkie denied his request for TDD facilities in violation of Burley's rights.

### 3. MDOC and Holmes

MDOC is not mentioned at step I of grievance 0108-12i. Because grievances are defendant-specific and issue-specific, they properly exhaust claims regarding a particular defendant insofar as the prisoner names that defendant and describes the specific conduct at each of the three grievance steps. Defendant named MDOC only at step II of the grievance process and therefore failed to properly exhaust this claim against MDOC. The Magistrate Judge therefore recommends that the claims against MDOC should be dismissed.

Defendant Holmes is a non-state defendant and has not moved to join in the state-defendants' motion for summary judgment.

### 4. Defendants' Objection

Defendants object to allowing Burley to amend his complaint to add Guilkie as a defendant because doing so would result in improper joinder. Federal Rule of Civil Procedure 20 allows defendants to be joined in a single action for claims "arising out of the same transaction, occurrence, or series of transactions or occurrences" and where "any question of law or fact common to all defendants will

7

arise in the action." The remedy for misjoinder is to drop misjoined parties and/or to sever claims. Fed. R. Civ. P. 22.

Defendants point out that defendant Klatt is alleged to have failed to afford Burley an interpreter at a misconduct hearing and Guilkie is alleged to have failed to accommodate a request for a TDD hearing impaired phone. These two incidents occurred a year apart at two different facilities. Because the claims are distinct, the defendants are distinct and the facilities are distinct, defendants argue that the proper course is to allow the claim against defendant Klatt to proceed and to reject the addition of the claim against Guilkie.

Burley filed his lawsuit to attack the sufficiency of and adherence to the MDOC policies that provide accommodations for a prisoner who suffers from hearing impairment. While he did not exhaust his claims against MDOC itself, he did exhaust his claims involving Klatt and Guilkie. All of plaintiff's claims in this case involve accommodating his disability while he is in state custody. While the two exhausted claims at issue do not arise out of the same incident, they are related in that they both involve an alleged violation of plaintiff's right to accommodations for his disability while he is in

8

custody. The court overrules defendants' objection and will permit Burley to amend his complaint to add Guilkie as a defendant.

### B. ADA and Rehabilitation Act

The Magistrate Judge analyzed the elements required to state a cause of action under the ADA and Rehabilitation Act ("RA") and found there is a question of material fact regarding whether Burley suffers from a hearing impairment which constitutes a disability under the ADA and RA. She also found an issue of fact whether Burley was otherwise qualified to participate in prison programs and activities. The Magistrate Judge recommends that the remaining state defendants, Klatt and Guilkie, are not entitled to summary judgment on these claims.

The court agrees with the Magistrate Judge's analysis on this issue, to which no objections have been filed.

### C. Eleventh Amendment Immunity

The Magistrate Judge addressed the state defendants' argument that Burley's claims under the ADA and RA are barred by the doctrine of sovereign immunity, and found that they are not barred. The court

agrees with the Magistrate Judge's recommendation, to which no objections have been filed.

### D. Qualified Immunity

The Magistrate Judge considered whether denying Burley an interpreter during a misconduct hearing, and denying him reasonable access to prison telephones, were clearly established constitutional violations such that a reasonable officer would have known they were constitutional violations. Applying Sixth Circuit law, she concluded that a reasonable officer would have known that prisoners were entitled to attend and participate in their own misconduct hearings, and were also entitled to reasonable access to telephones, and that denial of the same would constitute violations of the Fourteenth Amendment.

The court agrees with the Magistrate Judge's recommendation that Burley's claims against Klatt and Guilkie involve clearly established rights and that qualified immunity does not bar either of Burley's claims. There are no objections to this recommendation.

### E. Plaintiff's Objections

Plaintiff objects to the report and recommendation on the ground that the Magistrate Judge did not address his argument that it was an MDOC custom and practice to discriminate against hearing impaired prisoners. Plaintiff argues the court should not enforce the exhaustion requirement where defendants do not enforce their own rules. Plaintiff also objects that the Magistrate Judge did not consider consider his challenge to the "reporting practices of Lansing concerning step III grievances he submitted." In fact, the Magistrate Judge did address these arguments in her report and recommendation at pages 11 and 12 where she acknowledges that the court will not find a grievance procedurally defaulted where a prisoner fails to name an individual in his initial grievance but the MDOC responds to the grievance on its merits anyway. In this case, the Magistrate Judge concluded that Burley did not exhaust his grievances by merely bringing them to the attention of the MDOC. A prisoner must receive a merits-based decision at each step of the grievance process in order to exhaust the grievance. Procedural default is not an issue in this case. The court agrees with the

Magistrate Judge's analysis of this issue and overrules plaintiff's objections.

## CONCLUSION

The Court hereby accepts the Magistrate Judge's report and recommendation granting in part and denying in part plaintiff's motion to amend and granting in part and denying in part defendants' motion for summary judgment.

Plaintiff's motion to amend is granted only as to add defendant Guilkie.

Summary judgment is granted only as to defendants MDOC, Heyns, Washington, Finco, Bridgford, Lafler, Smith, Stoddard, Prelesnik, Trieweiler, Birkett, Haas, Woods, Pelon, Koenigskencht, Stephenson, Knickerbocker, Verbonconer, Moore, and the John and Jane Doe defendants. Summary judgment is denied as to defendants Klatt and Guilkie.

It is so ordered.

Dated: March 6, 2017

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on March 6, 2017, by electronic and/or ordinary mail and also on Edward Burley #502426, Carson City Correctional Facility, 10274 Boyer Rd. Carson City, MI 48811.**

**s/Barbara Radke**
**Deputy Clerk**