UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BURLEY, #502426,

       Plaintiff,

vs.

       Case No. 16-CV-10712
       HON. GEORGE CARAM STEEH

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DOC. 157], DENYING
DEFENDANTS' MOTION TO STRIKE [ECF NO. 142], GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 130]
AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS

    Plaintiff Edward Burley, an inmate with a hearing impairment, filed a lawsuit against the Michigan Department of Corrections ("MDOC"), as well as individual defendants, alleging violations of various constitutional and statutory provisions. The matter is presently before the court on two motions by defendants Roger Gerlack, M.D., Brenden Sherry, P.A. and Scott Holmes, M.D. Both motions were referred to Magistrate Judge Patricia Morris who issued a report and recommendation on January 25, 2019. (ECF NO. 157).

    The first motion asks the court to strike plaintiff's recent affidavit as a

sham. (ECF NO. 142). The affidavit was filed in support of plaintiff's response to defendants' motion for summary judgment. (ECF NO. 139-4). The magistrate judge recommends that the court deny the motion to strike because the affidavit does not contradict plaintiff's previous testimony and therefore is not a sham affidavit. There are no objections to this recommendation. The court agrees with the reasons given by the magistrate judge in her report and recommendation, adopts her recommendation and DENIES defendants' motion to strike plaintiff's affidavit.

The second motion before the court is defendants' motion for summary judgment. After the motion was filed, the parties stipulated to dismiss defendants Gerlack and Sherry from the litigation. An order dismissing those two defendants with prejudice was entered on October 9, 2018. (ECF NO. 147). Defendants requested that the court order sanctions because the plaintiff abandoned his claims against defendants Gerlach and Sherry despite refusing to concur in their motion for summary judgment. (ECF NO. 141, PageID 1798 n.1). The magistrate judge recommends denying sanctions and this court agrees.

This leaves Scott Holmes as the only remaining defendant for purposes of the motion for summary judgment at issue. Magistrate Judge

Morris's report and recommendation concludes that the claims against Holmes are either unexhausted or lack merit and therefore the court should grant Holmes's motion for summary judgment and dismiss him from the case.

Plaintiff filed timely objections to the report and recommendation. Plaintiff has stated three specific objections to which defendant responded and plaintiff filed a reply brief. Each objection will be addressed by the court in turn.

I. **Exhaustion of Remedies**

Inmates bringing claims under 42 U.S.C. § 1983 must first exhaust their administrative remedies by complying with the prison grievance process. MDOC's grievance procedure provides that if the inmate's initial attempt to resolve the issue with the person involved is unsuccessful, there is a three-step grievance procedure available. The procedure sets out a time frame and the information that needs to be included in each grievance:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

MDOC PD 03.02.130(R).

Plaintiff filed his Step I grievance on January 13, 2014. He names

Dr. Holmes, among others, as having committed "violations of Title II of the ADA, [and] Medical and Special Accommodations Notices." He states that he has profound hearing loss in both ears, is having a difficult time functioning in the institution because of his hearing loss ("can't hear PA, officer's orders, etc, and can't hear the maintenance rover's"). He further complains that the named health professionals are not qualified to assist him regarding his inability to hear and his need for an additional hearing aid. "They also have denied me reasonable accommodations for my hearing impairment. I have a Special Accommodation for 'communication assistant,' however, medical personal [sic] listed above has [sic] continually refused to afford me this accommodation." MDOC rejected plaintiff's claim at Step I, noting that plaintiff's hearing aid was recently repaired, and he had an upcoming appointment with his medical provider to discuss these issues.

Plaintiff filed his Step II grievance a day before Holmes revoked the special accommodation of access to a TTY.[1] This grievance does not name Holmes but does complain that plaintiff needs another hearing aid

---

[1] "A teletypewriter ("TTY"), also known as a telecommunication device for the deaf ("TDD"), is a telephone equipped with a keyboard and a display screen. TTY devices enable hearing impaired individuals to communicate over telephone lines by sending and receiving typed messages." *Homes v. Godinez*, 311 F.R.D. 177, 196 (N.D. Ill. 2015).

and "reasonable accommodation." Further the grievance states, "The MDOC has a blanket policy of denying [the] hearing impaired 2 hearing aids due to budget concerns." This grievance was rejected because plaintiff was being treated by a medical provider and the grievance amounted to a disagreement about treatment.

At Step III, plaintiff stated he had "been discriminated against by Dr. Holmes for my hearing impairment, atypical hardship, and failure to afford me a reasonable accommodation, and that Homes has a "propensity to discriminate against persons with disabilities." (ECF NO. 65-3, page 175). MDOC denied the grievance for being a disagreement with the judgment of his physician.

The magistrate judge recommends that plaintiff's failure to name Holmes at Step II does not prevent the court from proceeding to the merits because the Step II grievance left no doubt that plaintiff intended to continue to press the claims made in Step I. Additionally, MDOC overlooked any deficiency at Step II by considering the claims asserted against Holmes on the merits.

However, the magistrate judge does find that plaintiff failed to exhaust his complaint about the cancellation of his special accommodation for a TTY. Plaintiff filed his Step I and Step II grievances before his February 4,

2014 appointment with Holmes, where the TTY special accommodation was revoked. Each of these grievances focuses on the refusal to grant a second hearing aid. Though they also raise interference with accessing plaintiff's special accommodation, the magistrate judge reasons this refers to a failure to provide an assistant or interpreter. She points out that the first and second steps could not include the TTY issue because that would require the grievance to encompass an event that had not yet occurred. Plaintiff's Step III grievance, which came after the February 4, 2014 appointment, also refers to a "reasonable accommodation" but does not specifically identify the termination of his TTY privileges. The magistrate judge recommends finding that plaintiff properly exhausted claims relating to the second hearing aid and other communication assistance (i.e., an interpreter), but not the ending of the TTY accommodation.

Plaintiff argues that MDOC injected the TTY accommodation into the grievance process itself, so clearly MDOC knew this was part of his grievance. In fact, the denial of the Step II grievance, which was issued on February 13, does refer to the February 4 appointment where Holmes revoked the TTY phone. The denial of the Step II grievance concludes that the treatment plan adopted by Holmes provided plaintiff with medically necessary health care services. That treatment plan included

discontinuing the special accommodation for the TTY phone based on the evidence available to Holmes. However, noting that the TTY accommodation was revoked as part of a global treatment plan is not the same thing as determining whether the revocation was proper. Such determination was not made precisely because that issue was not raised in any grievance. The court disagrees with plaintiff's characterization that MDOC injected the issue into the grievance process. MDOC was aware of the revocation because it reviewed Holmes' treatment notes, but MDOC did not view it as an issue being disputed in the grievance process.

Plaintiff next argues that Holmes did not challenge the failure to exhaust administrative remedies as to the TTY revocation in his motion for summary judgment. Therefore, because the issue was raised *sua sponte* by the magistrate judge in the report and recommendation, plaintiff maintains that he could not have responded to the argument until now. Defendant refers the court to his motion for summary judgment and reply brief, wherein he argued that for an inmate to properly exhaust his administrative remedies he must both name the individuals and "explain[] their allegedly violative conduct at *each* of the three grievance steps." (ECF NO. 130, PageID 1304; EC NO. 141, PageID 1799). Plaintiff was therefore on notice that defendant was challenging his failure to exhaust

- 7 -

the TTY issue in addition to the failure to name him in all three grievance steps.

The court agrees with the recommendation of the magistrate judge that plaintiff failed to exhaust his administrative remedies as to the revocation of his TTY accommodation. The court overrules plaintiff's objection and adopts the recommendation that plaintiff has "properly exhausted claims relating to the second hearing aid and other communication assistance (perhaps an interpreter), but not the ending of the TTY accommodation."

## II. Eighth Amendment Deliberate Indifference[2]

An Eighth Amendment claim for denial of medical care has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective inquiry asks whether the deprivation was "sufficiently serious," which a claimant satisfies when his or her condition "'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th

---

[2] The magistrate judge points out that plaintiff's original complaint does not discuss the Eighth Amendment or deliberate indifference. The amended complaint proposed some additions that mention deliberate indifference, but not only were these additions rejected by the court, they were not directed to Dr. Holmes. Nevertheless, because defendant Holmes does not argue the complaint fails to state a claim of deliberate indifference, the magistrate judge addresses the claim under the summary judgment framework.

Cir. 2004) (citations omitted). Defendant concedes that profound hearing loss, if untreated, is a serious medical need. Furthermore, the magistrate judge recognizes that the risks posed in a prison setting by an inability to hear are patent.

Plaintiff argues that defendant provided inadequate treatment by withholding a second hearing aid and an accommodation such as an interpreter or assistant.[3] In the context of inadequate care claims, if the prisoner received adequate treatment, then there is no deliberate indifference. The law requires an inmate to present medical evidence so a fact-finder can "evaluate the adequacy of the treatment provided and the severity of the harm caused by the alleged inadequate treatment." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). The magistrate judge found that plaintiff failed to point to medical evidence showing the necessity of the requested items and verifying the harmful effects of their absence. The court is not required to go through plaintiff's medical records searching for evidence to support his claim. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Plaintiff does not direct the court to any evidence demonstrating a serious medical need

---

[3] Plaintiff's objections focus in large part on the revocation of his TTY special accommodation. Having found that this issue was waived by plaintiff's failure to exhaust, the court does not address it further.

for a second hearing aid or any other auditory assistance.   Therefore, his claim fails on the objective prong.

The subjective inquiry considers whether the official's state of mind was sufficiently culpable; it requires a showing that an official "'knows of and disregards an excessive risk to inmate health or safety[.]'". *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 837). In arguing that defendant relied on information that does not qualify as medical evidence in refusing to give plaintiff a second hearing aid or an assistant, plaintiff once again attacks the medical basis for Holmes' treatment plan.   The magistrate judge concludes that Holmes in fact relied on several factors in forming the treatment plan, including reported observations of plaintiff using the receiver end of a TTY telephone. Plaintiff's argument regarding Holmes' failure to take the "minimal effort to verify this 'outside' information" amounts to a claim of alleged negligence, not cruel and unusual punishment.   Furthermore, plaintiff does not address allegations that he refused to undergo testing to confirm his self-reports of needing a second hearing aid.

The magistrate judge addressed two statements identified by plaintiff as evidence that Holmes was predisposed to reject his request for a second hearing aid.   Holmes testified at his deposition that he attended

the Feb 4 appointment "to discontinue the special accommodation and that was it, pretty much."  The magistrate judge points out the accuracy of this testimony; the appointment was in fact set to discontinue the accommodation.  A January 30 record mentions an upcoming visit "to address discontinuing communication assistance TDD."  (ECF NO. 153, PageID 3050).  As for Holmes' comment that he had "to be sensitive to the corrections officers too," the magistrate judge found that when considered in context with all the other evidence, the statement fails to create a material issue of fact on defendant's motivations, much less the reasonableness of his medical treatment.  For example, Holmes testified plaintiff requested a second hearing aid to help with balance, but he had objectively normal balance and one hearing aid sufficed for daily living, so it a second hearing aid was not medically necessary.  (ECF NO. 130-5, PageID 1359-60).  Plaintiff had seen the audiologist in early January without any changes to his hearing aids, other than repairs.  After that visit, Holmes noted that a hearing assistant was not medically necessary.

The evidence supports the magistrate judge's recommendation that Holmes used his medical judgment in formulating a treatment plan. Plaintiff has not demonstrated that Holmes ignored his hearing needs, much less that he had a culpable state of mind.  The court overrules

the Feb 4 appointment "to discontinue the special accommodation and that was it, pretty much."  The magistrate judge points out the accuracy of this testimony; the appointment was in fact set to discontinue the accommodation.  A January 30 record mentions an upcoming visit "to address discontinuing communication assistance TDD."  (ECF NO. 153, PageID 3050).  As for Holmes' comment that he had "to be sensitive to the corrections officers too," the magistrate judge found that when considered in context with all the other evidence, the statement fails to create a material issue of fact on defendant's motivations, much less the reasonableness of his medical treatment.  For example, Holmes testified plaintiff requested a second hearing aid to help with balance, but he had objectively normal balance and one hearing aid sufficed for daily living, so it a second hearing aid was not medically necessary.  (ECF NO. 130-5, PageID 1359-60).  Plaintiff had seen the audiologist in early January without any changes to his hearing aids, other than repairs.  After that visit, Holmes noted that a hearing assistant was not medically necessary.

The evidence supports the magistrate judge's recommendation that Holmes used his medical judgment in formulating a treatment plan. Plaintiff has not demonstrated that Holmes ignored his hearing needs, much less that he had a culpable state of mind.  The court overrules

plaintiff's objection, adopts the recommendation of the magistrate judge and grants summary judgment to defendant on plaintiff's Eighth Amendment claim.

## III. First Amendment Free Speech Rights

Plaintiff's free speech claim focuses on the substantial burden that cancelling the TTY accommodation imposed on his First Amendment right to communicate with the outside world. The magistrate judge recommends rejecting plaintiff's First Amendment free speech claim because of his failure to exhaust that claim. The court agrees with the magistrate judge's recommendation and overrules plaintiff's objections. The court grants summary judgment to defendant on plaintiff's First Amendment free speech claim.

## IV. Conclusion

The court hereby accepts the magistrate judge's report and recommendation denying defendants' motion to strike and granting defendant's motion for summary judgment. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objections to the report and recommendation are OVERRULED.

IT IS HEREBY FURTHER ORDERED that defendants' motion to strike plaintiff's affidavit is DENIED.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment is GRANTED and defendant Holmes is DISMISSED from the case.

IT IS HEREBY FURTHER ORDERED that defendants' request for sanctions is DENIED.

Dated: March 13, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 13, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---