UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BURLEY,

    Plaintiff,

vs.

Case No. 16-CV-10712

HON. GEORGE CARAM STEEH

J. QUIROGA, WILLIAMSON,
R. KLATT and HAROLD GILKEY,

    Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [ECF No. 165] AND DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 148]

    This matter is before the court on defendants Russell Klatt and Harold Gilkey's motion for summary judgment [ECF No. 148]. The motion was referred to Magistrate Judge Patricia Morris for a Report and Recommendation. The matter is presently before the court on the Report which recommends that defendants' motion for summary judgment be denied. Objections to the Report were filed by defendants and plaintiff filed a response brief. The court has reviewed the file, record, magistrate judge's Report and Recommendation, objections and response. For the reasons set forth below, the court agrees with the thorough analysis conducted by the magistrate judge and accepts her recommendation that

defendants' motion for summary judgment be DENIED.

As to defendant Klatt, the Report and Recommendation concludes that there is an issue of material fact whether plaintiff is disabled and whether he was denied services due to such disability. The issue as to defendant Gilkey is whether he was named as a party in either the original complaint or the amended complaint. The defendants' single objection goes to the Report's conclusion that plaintiff's amended complaint is not time barred as to defendant Gilkey.

It is uncontested that the accrual date of plaintiff's claims against Gilkey is June 19, 2013, which means that plaintiff had to file his complaint against Gilkey by June 19, 2016. Plaintiff's original complaint was filed on February 25, 2016. Gilkey was not named in the caption of the complaint, nor did he appear in the list of defendants provided near the beginning of the complaint. Gilkey does appear in the complaint under the section entitled "Personal Involvement of Defendants," specifically under the entry for Ionia Correctional Facility defendants. The complaint then describes three occasions where plaintiff was denied an accommodation by "Defendant RUM Guilkie". Gilkey was not served with the original complaint, but he was served with the amended complaint on July 16, 2018.

The magistrate judge focuses first on the misspelling of RUM Harold Gilkey's name, pointing out that MDOC employed an Assistant Resident Unit Supervisor (ARUS) Gerald Gilkie at the same facility. When plaintiff sought to serve process on RUM Gilkey he had retired, but ARUS Gilkie remained and accepted service. Neither RUM Harold Gilkey nor ARUS Gerald Gilkie used the same spelling that plaintiff used in his complaint.

On June 30, 2016, plaintiff offered a "Proposed Amended Complaint" that again referred to "RUM Guilkie" in the body but not the caption. The new material added a few factual details relating to RUM Gilkey and a new characterization of his actions as discriminatory. Defendant Gilkey was finally served on July 16, 2018 after the court granted plaintiff's motion to amend the complaint on March 6, 2017 and the confusion about the spelling of Gilkey's name was resolved.

The magistrate judge adopted the more lenient approach to construing Fed. R. Civ. P. 10(b), which permits parties to be identified in the body of the complaint. The hardline approach, preferred by defendants, would require a person to appear in the caption to be considered a party. This court agrees with the analysis conducted by the magistrate judge in reaching her conclusion. See ECF No. 165, PageID 4344-4352. The weight of authority supports looking at the complaint as a

whole, and not just to the caption, for evidence of plaintiff's intention as to the identity of the parties. Using this approach, the magistrate judge conceded it was a close question whether plaintiff did enough to identify Gilkey as a defendant in his original complaint. Ultimately she was persuaded that he did, pointing to the fact that the complaint refers to "RUM Guilkie" as a defendant in a section listing defendants; includes Gilkey's position as "RUM", which distinguishes him from any other person with a similar name; and describes Gilkey's conduct that forms the basis for plaintiff's claim.

Plaintiff proceeded *in forma pauperis*, which entitled him to have the court and the United States Marshals effect service. The magistrate judge recognized that plaintiff could have done more to alert the court clerk to the fact that a summons was not issued for Gilkey. However, because plaintiff filed his amended complaint, which made his intention to sue Gilkey even more explicit, shortly after the first batch of parties were served, the magistrate judge ultimately concludes that the failure does not undercut plaintiff's intention to name Gilkey in the original complaint. The court again agrees with the magistrate judge's analysis.

For the reasons set forth above, defendants' objection is overruled. The court hereby accepts the magistrate judge's Report and

Recommendation denying defendants' motion for summary judgment. Now, therefore,

IT IS HEREBY ORDERED that the magistrate judge's Report and Recommendation is ACCEPTED and defendants' objection to the Report and Recommendation is OVERRULED.

IT IS HEREBY FURTHER ORDERED that defendants' motion for summary judgment is DENIED.

Dated: July 25, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 25, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk